**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles E. Orr,<br><br>            Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of<br>Social Security Administration,<br><br>            Defendant. | No. CV-07-361-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a motion for summary judgment and Defendant has filed a cross-motion. Dkt. ##16, 21. Responses have been filed and Plaintiff has filed a reply in support of his motion. Dkt. #20, 26. Defendant has not filed a reply and the time for doing so has expired. The Court will grant Plaintiff's motion and deny Defendant's cross-motion.

**I.    Background.**

Plaintiff applied for disability insurance benefits in March 2004, claiming a disability onset date of February 1, 1996. Dkt. #12A, Tr. 104-10. The application was denied initially and on reconsideration. Tr. 52-53. Hearings were held before an Administrative Law Judge ("ALJ") on October 26, 2005 and June 26, 2006. Tr. 357-68, 372-89. The ALJ issued a decision on July 27, 2006, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 31-36. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 8-10. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Dkt. #1.

## II. Standard of Review.

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). The Court cannot affirm the decision "simply by isolating a specific quantum of supporting evidence." *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975); *see Robbins*, 466 F.3d at 882.

## III. Analysis.

Plaintiff, a Vietnam War veteran, was diagnosed by the Veterans Administration Medical Center ("VAMC") with major depressive disorder and post traumatic stress disorder ("PTSD") in 1998. Tr. 164-230, 261-96, 309-38. The ALJ found that the medical evidence supports a finding of disabling mental impairments since at least May 2003. Tr. 34, 379-80. Plaintiff, however, was last insured for disability benefits on September 30, 2000. Tr. 32, 35 ¶ 1. Thus, to be eligible for benefits, Plaintiff must show he was disabled on or before that date. *See Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998).

Whether a claimant is disabled is determined using a five-step sequential evaluation process. To establish disability, the claimant must show (1) he is not currently working, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity precludes him from performing his past work. At step five, the ALJ must show that the claimant has the residual functional capacity to perform other work that exists in substantial numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(i)-(iv). While the claimant has the burden of proof at steps one through four, "the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry." *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

In this case, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability. Tr. 32, 35 ¶ 2. At step two, the

ALJ found that while Plaintiff had been diagnosed with major depressive order and PTSD, there was insufficient medical evidence showing that these impairments were severe prior to the date last insured – September 30, 2000. Tr. 33-36, ¶¶ 3-5. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 36 ¶ 6.

Plaintiff argues that the ALJ erred at step two by failing to consider his work history and testimony of severe impairments as required by Social Security Ruling 83-20. Dkt. #18. Defendant contends that substantial evidence supports the ALJ's severity determination and that the ALJ properly assessed Plaintiff's credibility. Dkt. #23.

### A.     The ALJ's Credibility Determination.

"Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on lack of objective medical evidence to fully corroborate the alleged severity of [the impairment]." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (citation and alterations omitted); *see* 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the objective medical evidence does not substantiate your statements."); SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996) (same); *see also* SSR 95-5p, 1995 WL 670415, at *1 (Oct. 31, 1995) ("Because symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, careful consideration must be given to any available information about symptoms."). In addition, and significantly for this case, unless the ALJ "makes a finding of malingering based on affirmative evidence thereof, he or she may only find [the claimant] not credible by making specific findings as to credibility and stating clear and convincing reasons for each." *Robbins*, 466 F.3d at 883. "'General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

Plaintiff testified that he stopped working in 1996 because he was "too depressed."

Tr. 363. He stated that he does not like to be around other people, does not trust them, and cannot deal with their complaints. Tr. 362-64. He further stated that he goes shopping in the middle of the night in order to avoid other people (Tr. 366); that when he is at home he double checks to make sure his doors are locked and frequently looks out the window (Tr. 365); that he gets flashbacks and has nightmares about his combat experience in Vietnam (Tr. 364-65); and that he has difficulty remembering names and numbers (Tr. 364). This testimony is consistent with Plaintiff's statements to the VAMC in June 2000. Tr. 219.

The ALJ found Plaintiff to be "very credible" with respect to his current limitations, but concluded that there was insufficient evidence to support his allegations regarding the severity of his impairments prior to September 30, 2000. Tr. 34. Because the ALJ made no finding that Plaintiff was malingering, he was required to give clear and convincing reasons in support of his adverse credibility finding. *See Robbins*, 466 F.3d at 883. This clear and convincing standard "is the most demanding required in Social Security cases." *Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).

The ALJ's adverse credibility finding was based solely on a lack of medical evidence corroborating Plaintiff's testimony. Tr. 34-35. This is an insufficient reason for disbelieving Plaintiff. "[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of the [impairments]." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *see Moisa*, 367 F.3d at 885; 20 C.F.R. § 404.1529(c)(2); SSR 96-7p, 1996 WL 374186, at *1.

Defendant contends that the ALJ did not err because he found that Plaintiff had no history of mental health treatment, did not take psychotropic medication, and did not participate in therapy. Dkt. #23 at 7-8 (citing Tr. 33). But the ALJ did not assert this as a reason for disbelieving Plaintiff. *See* Tr. 34-35. The Court may not affirm the ALJ's decision "on a ground that the [ALJ] did not invoke in making [his] decision[.]" *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)); *see Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 169 (1962) ("*Chenery* requires that an agency's discretionary order be upheld, if at all, on the same basis

articulated in the order by the agency itself[.]"); *see also Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) ("[A] reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain.").

Moreover, this Circuit has explicitly "criticized the use of lack of treatment to reject mental complaints both because mental illness in notoriously underreported and because it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299-1300 (citations omitted).

In summary, the Court concludes that the ALJ's adverse credibility finding is based on legal error and is not supported by substantial evidence.

### B.     The ALJ's Severity Determination.

The Commissioner's severity regulation provides that an impairment "is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). Basic work activities include responding appropriately to supervision, coworkers and usual work situations; dealing with changes in a routine work setting; understanding, carrying out, and remembering simple instructions; and using judgment. 20 C.F.R. § 404.1521(b)(3)-(6).

Consistent with the Commissioner's own ruling, SSR 85-28, "courts have imposed a narrow construction upon the severity regulation." *Yuckert v. v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (citing SSR 85-28, 1985 WL 56856, at *2-3 (1985)). "An impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)) (emphasis in original). If such a finding is not "clearly established" by medical evidence, "adjudication must continue through the sequential evaluation process." SSR 85-28, 1985 WL 56856, at *3-4. "Step two, then, is 'a de minimis screening device used to dispose of groundless claims[.]'" *Webb*, 433 F.3d at 687 (quoting *Smolen*, 80 F.3d at 1290) (alteration omitted).

Plaintiff was diagnosed by the VAMC with major depressive disorder, recurrent, and PTSD, mild to moderate, in June 2000. Plaintiff had a Global Assessment of Functioning ("GAF") score of 60. Tr. 220-21.[1] The testifying medical expert, Dr. Edward Jasinski, stated that he was not able to opine from this evidence whether Plaintiff had a severe impairment or combination of impairments prior to September 30, 2000. Tr. 380-81. The ALJ agreed, and found that Plaintiff therefore was not disabled within the meaning of the Social Security Act. Tr. 33-34.

The Court concludes that the ALJ erred in denying Plaintiff's application at step two. "Great care should be exercised in applying the not severe impairment concept." SSR 85-28, 1985 WL 56856, at *4. If the ALJ "is unable to determine *clearly* the effect of an impairment or combination of impairments on the [claimant's] ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued." *Id.* (emphasis added).

The evidence in this case does not clearly show that Plaintiff's mental impairments were not severe prior to the date last insured. The Commissioner's regulation provides that a mental impairment should be found not severe only if it causes "mild" limitations. 20 C.F.R. § 404.1520a(d)(1). As the ALJ acknowledged, however, Plaintiff was diagnosed with *mild to moderate* PTSD and his GAF score of 60 indicates *moderate* symptoms or limitations. Tr. 33. This evidence precludes a "clear determination" that, prior to September 30, 2000, Plaintiff had impairments of only "'a minimal nature which could never prevent a person from working.'" SSR 85-28, 1985 WL 56856, at *2 (citation omitted); *see Webb*, 433 F.3d at 687 ("Although the medical record paints an incomplete picture of Webb's overall health during the relevant period, it includes evidence of problems sufficient to pass the de minimis threshold of step two."); *Bustamante v. Massanari*, 262 F.3d 949, 955-56 (9th Cir. 2001) (substantial evidence did not support the ALJ's finding that the claimant's

---

[1] The GAF scale ranges from 1 to 100 and is used to rate a person's overall psychological, social, and occupational functioning. The scale does not evaluate impairments caused by psychological or environmental factors. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 598 n.1 (9th Cir. 1999).

mental impairments were not severe).

Moreover, having improperly rejected Plaintiff's testimony, the ALJ erred by failing to consider Plaintiff's subjective symptoms in making the severity determination. *See Smolen*, 80 F.3d at 1290 (citing 20 C.F.R. § 404.1529(d)(2); SSR 88-13, 1988 WL 236011 (July 20, 1988)); *see also McDougall v. Astrue*, No. CV-07-0114-JPH, 2008 WL 191639, at *8 (E.D. Wash. Jan. 22, 2008) (stating that the claimant's symptom testimony and a medical test indicating a condition likely to cause pain were "sufficient to remove the impairment from 'de minimis' status at step two of the sequential evaluation process").

### C. The Onset of Disability Determination.

Social Security Ruling 83-20 specifically directs the ALJ to consider the claimant's allegations and work history in determining the onset date of disability. SSR 83-20, 1983 WL 31249, at *1-2 (1983); *see Morgan v. Sullivan*, 945 F.2d 1079, 1082 (9th Cir. 1991). In this case, Plaintiff stopped working in February 1996 allegedly due to severe depression and PTSD. Tr. 33, 361-66. While the ALJ considered – but erroneously rejected – Plaintiff's testimony, he simply did not consider Plaintiff's work history in finding that Plaintiff was not disabled prior to September 30, 2000.

Defendant contends that the ALJ did not err because the medical evidence showed that Plaintiff had only "mild" impairments. As explained above, however, the relevant medical evidence indicated moderate symptoms and limitations. *See* Tr. 220-21. Because the medical evidence was not inconsistent with Plaintiff's work history, this factor was "relevant to the determination of disability onset[.]" SSR 83-20, 1983 WL 31249, at *1. The ALJ erred in failing to consider Plaintiff's work history.

### D. The Decision to Remand for Further Proceedings or an Award of Benefits.

Having decided to vacate Defendant's decision, the Court has the discretion to remand the case for further proceeding or for an award benefits. *See Reddick*, 157 F.3d at 728. This Circuit has held that a remand for an award of benefits is appropriate only in cases where there are no outstanding issues that must be resolved before a proper determination can be made. *See, e.g.*, *Varney v. Secretary of HHS*, 859 F.2d 1396 (9th Cir. 1988); *Smolen*, 80 F.3d

at 1292. In this case, the ALJ "should have continued the sequential analysis beyond step two because there was not substantial evidence to show that [Plaintiff's] claim was 'groundless.'" *Webb*, 433 F.3d at 688 (quoting *Smolen*, 80 F.3d at 1290). The Court accordingly will remand for further proceedings. On remand, the ALJ should consider Plaintiff's work history and give due weight to the symptoms and limitations to which Plaintiff credibly testified.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (Dkt. #16) is **granted**.
2. Defendant's cross-motion for summary judgment (Dkt. #21) is **denied**.
3. Defendant's administrative decision denying benefits is **reversed**.
4. The case is **remanded** to Defendant for further proceedings.
5. The Clerk shall enter judgment accordingly.

DATED this 7th day of February, 2008.

*David G. Campbell*
United States District Judge